In re AIR QUALITY CONSTRUCTION PERMIT APPLICATION OF FISHER SAND AND GRAVEL COMPANY.

No. 16469.

Supreme Court of South Dakota.

Considered on Briefs April 27, 1989.

Decided June 14, 1989.

Rehearing Denied July 18, 1989.

Roxanne Giedd, Asst. Atty. Gen., Pierre, for appellee South Dakota Dept. of Water and Natural Resources; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Harry Christianson of Gunderson, Farrar, Aldrich & De Mersseman, Rapid City, for appellee Fisher Sand and Gravel Co.; Doyle D. Estes of Gunderson, Farrar, Aldrich & De Mersseman, Rapid City, on brief.

Craig Grotenhouse, Rapid City, for appellant Pete Lien & Sons, Inc.

MORGAN, Justice.

This is the last leg of an administrative appeal by Pete Lien & Sons, Inc. (Lien) from a decision of the South Dakota Board of Minerals and Environment (Board), which granted Fisher Sand and Gravel Company's (Fisher) application for an air quality construction permit. The circuit court affirmed Board's decision and Lien appeals. We affirm.

Fisher plans to open a sand and gravel quarry operation in Rapid City. The business would involve crushing of mined rock, which gives rise to emission of air pollutants. The thrust of Lien's arguments throughout these proceedings has been that Fisher's evidence of the anticipated contribution to the air pollution, in support of the application, is so deficient that the operation will unduly increase the contamination of the atmosphere and that Board's decision was arbitrary, capricious and clearly erroneous.

Our standard of review is set out in SDCL 1–26–36 which provides, in pertinent part:

> The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> . . . .
>
> (5) Clearly erroneous in light of the entire evidence in the record; or
>
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

A source of pollutant emissions is required to obtain an air quality construction permit under ARSD 74:26:01:08. In addition, it will have to eventually obtain an air quality operation permit for its operation under ARSD 74:26:01:20 and 74:26:01:26. Whether it is in operation under either the construction permit or the operation permit, it must comply with ambient air quality standards. Furthermore, a source of pollutant emissions is required to demonstrate that it is in compliance before the operation permit can be issued. ARSD 74:26:01:28. However, operation under a construction permit is allowed for testing under the provisions of ARSD 74:26:01:35.

Pursuant to this regulatory scheme, our air quality program involves two separate but equal steps. First, Fisher must obtain a construction permit. Then the proposed rock crushing plant may be constructed and tests run on the pollutant emissions. This testing is required in order to submit the results to secure an operations permit.

In this case, Board issued the construction permit conditioned upon the following:

Fisher shall submit proposals to the Department for the offsets in the amount of 14.73 tons per annum of particulates and showing that the offsets being proposed will prevent the operation from interfering with the Rapid City nonattainment area's attainment of the particulate ambient air standards.

In light of the unique nature of the permit process at issue, we determine that Lien's complaint is premature and the evidence clearly supports Board's decision. Therefore, we do not find the decision to be arbitrary, capricious or clearly erroneous.

Affirmed.

All the Justices concur.